UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

_____

CAROLYN DYKES
INDIVIDUALLY AND ON BEHALF OF
ALL OTHERS SIMILARLY SITUATED,

                              Plaintiffs,

                                                          Trial by Jury
                                                          Demanded

v.                                                       Civil Action No. _____

VALENTINE & KEBARTAS, LLC,

                              Defendant.
_____

Class Action Complaint for Violations of the Fair Debt Collection Practices Act

### I. Introduction

1.     Carolyn Dykes brings this suit on behalf herself and all those similarly situated against Valentine & Kebartas, LLC., a debt collector, on account of its misrepresentation of and non-compliance with the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and federal student loan law.

### II. Jurisdiction

2.     Jurisdiction in this Court is proper under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.     This Court has jurisdiction over the defendant and venue in this Court is proper, because the acts complained of occurred in this state and because the Plaintiff and the Class Members are residents of Florida.

### III. Parties

4. Carolyn Dykes is a natural person.

5. The defendant Valentine & Kebartas, LLC ("Valentine") is a Massachusetts Limited Liability Company, and is engaged in the collection of consumer debts. The Defendant uses instrumentalities of interstate commerce in the collection of debts. It regularly collects debts from consumers located across the Florida. At all times relevant hereto, Defendant was a "debt collector" as that term is defined by the FDCPA.

### IV. Factual Allegations

6. Plaintiff Dykes is a "consumer" as that term is defined by FDCPA § 1692a(3).

7. Plaintiff Dykes was a debtor with federal student loans that were placed into default status.

8. Plaintiff Dykes' federal student loan was "debts" as that term is defined by the FDCPA.

9. After Dykes' loans were placed into default status, they were assigned to Valentine for collection purposes.

10. Valentine sent letters to Plaintiff Dykes and the class members seeking to have them pay the defaulted loans. A copy of the letter sent to Plaintiff Dykes (the "Letter") is attached hereto as <u>Exhibit A</u>.

11. The Letter was Valentine's initial communication with Plaintiff.

12. The Letter was directed to Plaintiff at a Florida address.

13. Upon information and belief, this form of letter was Valentine's initial communication with the other members of the Class.

14. The Letter advises Plaintiff Dykes and the class members, in prominent bold all caps lettering to "**SEE REVERSE SIDE FOR IMPORTANT INFORMATION**".

15. The letter also includes a second page which contains additional instructions to Plaintiff Dykes and the class members.

16. On page 2 of 2 of the Letter, Valentine stone advises Plaintiff Dykes and the class members that if they wish to dispute the default status of their loans, they should submit a request in writing to inspect and copy the records pertaining to the loan, or request a review regarding the legal enforceability or past status of the loan obligation.

17. The instructions to Plaintiff Dykes and the class members that in order to dispute the debt, they should submit the request in writing overshadows and circumvents the rights given to consumers under the FDCPA to dispute the debt orally or in writing, and the requirement of debt collectors to advise consumers of their right to dispute the debt, as set forth in 15 USC §1692g.

18. Also on page 2 of 2 of the letter, Valentine further advises Plaintiff Dykes and the class members that they may request a review if they can prove the loan was not past due with the lender, the loan balance is incorrect, or the consumer did not incur the debt. Valentine specifically tells Plaintiff Dykes and the class members that they may not request a review for any of the following reasons: You

3

failed to pay your lender; you failed to complete your education and/or were dissatisfied with the school you attended; or you were unable to find employment in the field for which the school prepared you.

19. The least sophisticated consumer would believe, reading these instructions, that they were obligated to repay the loan, even if they were dissatisfied with the school due to fraud in the inducement by the school.

20. Under federal law, fraud in the inducement by the school would be a defense to the consumer's obligation to repay the loan.

21. A consumer whose student loan was entered into as a result of fraud by the school would likely be dissatisfied and unhappy with the school.

22. The Letter instructs Plaintiff Dykes and the class members that even if they are dissatisfied with the school, they do not have a right to have this reviewed.

23. Contrary to the statement in the Letter, Federal Law allows Plaintiff Dykes and Class Members to have an administrative review of the student loan, wherein they can contest the enforceability of the loan due to their dissatisfaction with a school committing fraud against them.

24. Valentine sent the Letter to Dykes on or about May 21, 2018.

25. Dykes received the Letter shortly thereafter.

26. Dykes read the Letter shortly after receiving it.

27. The notices provided in 15 U.S.C. §1692g are required as they help consumers determine whether a debt is legitimate, whether the debt is the

consumer's, and whether the debt is for the correct amount. In addition, although the instructions for initiating administrative review of the loan, while not required, must be accurate if they are given. When the instructions regarding eligibility for an administrative review are given inaccurately or misleadingly, the student loan borrower may be misled into believing they have no right to an administrative review which they might otherwise have. Such an administrative hearing can determine the validity and amount of any claim.

28.     Instead of accurately providing these important and necessary notices of the safeguards the student loan borrower has against improper claims, the dunning letters sent by defendant lead the student loan borrower to believe that 1) they must submit a dispute of the debt in writing; and 2) they could not initiate an administrative review hearing of a student loan debt which was accrued through the fraudulent actions of the school attended.

29.     By failing effectively to convey to Plaintiff and the class members their rights under the FDCPA, Defendant has harmed Plaintiffs and the class members.

30.     The acts and omissions of Defendant described above injured Plaintiff and the class members in a concrete way. As a result of these acts and omissions, Plaintiff and the class members were subjected to threats and collection attempts from Defendant, which contained material misrepresentations that deceptively and misleadingly advised from Plaintiff and the class members that they had no right to an administrative review of the student loan based on fraud, and further lead Plaintiff and the class members to believe that any dispute of the debt must be in

writing, overshadowing specific notices which Congress put in place to protect and safeguard debtors, as set forth in 15 U.S.C. §1692g. Plaintiff and the class members were thus deprived of statutory verification rights which they would otherwise have under 15 U.S.C. §1692g. In other words, Plaintiff and the class members suffered an informational injury as a result of being deprived of information to which they were legally entitled, and as a result of being supplied misleading information. This injury also created a material risk of financial harm that Congress intended to prevent by enacting the FDCPA – to wit, that Plaintiff, influenced by misleading information, might make payment decisions that he might not have made had he been given only truthful information.

31.     The acts and omissions of Defendant described above injured Plaintiff Dykes and the class members in a particularized way, in that Valentine was obligated by the FDCPA to supply non-misleading information to Plaintiffs specifically, by virtue of the fact that Valentine was attempting to collect a debt from Plaintiff. Moreover, Valentine was obligated by 15 USC §1692g to supply accurate disclosures of the right to dispute a debt, not to the public at large, but to Plaintiffs specifically.

32.     The debts that Defendant sought to collect from Plaintiff Dykes and the class members were originally incurred for personal, family, or household purposes.

## V. Class Allegations

33.     Plaintiff restates, realleges and incorporates herein by reference all

foregoing paragraphs as if set forth fully in this Count.

34. Under Rule 23 of the Federal Rules of Civil Procedure, Plaintiff Dykes brings this action for herself and on behalf of a class initially defined as follows:

> All natural persons who, according to Valentine's records, have a Florida address, who are similarly situated to Plaintiff in that, within one year of the commencement of this action and continuing to the date that an order is entered certifying this class, Valentine sent them a letter in a form substantially similar or materially identical to Exhibit A,, and which was mailed to an address in Florida.

35. The proposed Class is so numerous that joinder of all members would be impracticable. Plaintiff does not know the size of the class, although this information is known by the defendant and is readily ascertainable in discovery. Based upon information readily available concerning the defendant, the size of its operation, and its specialization in the collection of student loans, Plaintiff estimates and accordingly alleges that there are hundreds and, in all probability, thousands of individuals in the class.

36. There is a community of interest among the members of the proposed Class in that there are questions of law and fact common to the proposed Class that predominate over questions affecting only individual members.

37. Plaintiff's claims are typical of those of the Class that she seeks to represent. In addition, Plaintiff is entitled to relief under the same causes of action as the other members of the putative class.

38. Plaintiff is represented by counsel competent and experienced in both consumer protection specific to student loans, and class action litigation, and she has no conflicts with the members of the Class.

39. The common questions of law and fact predominate over any individual questions, in that the letters are form letters, and any individual questions are subordinate to the common questions of whether Valentine violated the FDCPA by misrepresenting the class members' rights under 20 U.S.C. § 1095a and 34 C.F.R. §§ 34:1-30.

40. A class action is superior to other methods for the fair and efficient adjudication of the controversy. Because the damages suffered by individual class members are relatively small compared to the expense and burden of litigation, it would be impractical and economically unfeasible for class members to seek redress individually. The prosecution of separate actions by the individual class members, even if possible or likely, would create a risk of inconsistent or varying adjudications with respect to the claims asserted by individual class members and could create incompatible standards of conduct for the defendants. Moreover, because most class members are unaware of their rights under 15 U.S.C. §1692g to dispute a debt orally, or to seek a review and discharge of a student loan obligation based on fraud by the school they attended, they are unlikely to bring an independent action, and a class action is the only way that these violations can be rectified.

41. Injunctive relief is appropriate for the Class, under Fed. R. Civ. P. 23(b)(2). Class certification is appropriate because Defendant has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff Dykes and the Class members.

## VI. Claims for Relief
### First Cause of Action

## Claims for Violations of 15 U.S.C. § 1692, *et seq.*

42. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

43. Collection letters, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

44. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representations in connection with the collection of any debt. Specifically, FDCPA § 1692e(2)(A) states that a debt collector cannot make a "false representation of the character, amount, or legal status of any debt." FDCPA § 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

45. Section 1692f of the FDCPA prohibits the use of "unfair or unconscionable means to collect or attempt to collect any debt."

46. Section 1692g of the FDCPA requires that a debt collector include a validation notice with the initial communication to the consumer, or send such notice within five days after the initial communication. Under FDCPA § 1692g(a)(1) the validation notice must include a statement of the amount of the debt. Furthermore, FDCPA §§ 1692g(a)(3), g(a)(4), and g(a)(5) require the validation notice to advise the consumer as to certain federal rights in connection with a procedure under which a consumer may dispute a debt, request verification of a

debt, or obtain the name and address of the creditor within 30 days of receiving the initial validation notice from a debt collector.

47. Under federal law, the notices required under 15 USC §1692g must be effectively communicated, and may not be overshadowed, confounded or diluted as seen from the perspective of the least sophisticated consumer.

48. Valentine violated the FDCPA by overshadowing and confounding the required notices under 15 U.S.C. §1692g.

49. Valentine further violated the FDCPA by providing a false and misleading instruction on the availability of administrative review of the student loan debt, to wit – it falsely told consumers that they could not seek review of a student loan debt based on dissatisfaction with the school they attended, when in fact, if the dissatisfaction as based on a fraudulent inducement to enter into the loan, they could in fact seek such a review.

50. In other words, Valentine violated the FDCPA as follows:

   A. Valentine provided information which overshadowed and contradicted the required disclosures of 15 USC §1692g by instructing consumers they needed to submit a request in writing in order to dispute the default status of their loans

   B. Valentine falsely represented the character or legal status of Plaintiffs' debts; and

   C. Valentine used a false representation or deceptive means to collect or attempt to collect a debt

   D. Valentine used unfair and unconscionable means to collect and attempt to collect from Plaintiff and the class members.

51. Valentine's violations in turn violate specific enumerated sections of

the FDCPA, as follows:

> A. It falsely represented that a consumer could not seek a review of a debt based on dissatisfaction with the school they attended, even when that dissatisfaction was based on fraudulent inducement, in violation of 15 U.S.C. §§ 1692e, 1692e(2), and 1692e(10).
>
> B. It used unfair and unconscionable means to collect and attempt to collect from Plaintiffs and the class members, in violation of 15 U.S.C. § 1692f.
>
> C. It violated 15 U.S.C. §1692g, by failing to provide proper notice of the ability to dispute a debt orally and by adding limitations to the circumstances under which a consumer may dispute a debt – even though, under 15 U.S.C. §1692g, a consumer can dispute a debt for any reason or no reason.

52. Plaintiff Dykes and the class members have suffered concrete, particularized harms to legally protected interests because Valentine's false, deceptive, and misleading representations, as set forth above, could detrimentally affect Plaintiffs' decision-making with respect to their alleged debts.

53. Under 15 U.S.C. § 1692k, Valentine is liable to Plaintiff and the Class Members to whom it sent the letter.

## Demand for Jury Trial

54. Plaintiff demands trial by jury on all claims and all issues.

## Prayer for Relief

WHEREFORE, Plaintiff Carolyn Dykes prays that this Court grant the following relief in her favor, and on behalf of the class, and that judgment be entered against Defendant for the following:

> (A) Statutory damages as provided by § 1692k(a)(2) of the FDCPA;

(B) Attorneys' fees, litigation expenses and costs;

(C) A declaration that Defendants' form letters, represented by the form sent to the Plaintiff, a copy of which is attached to this Complaint, violate the FDCPA; and

(D) Any other relief that this Court deems appropriate under the circumstances.

PLAINTIFF,
**CAROLYN DYKES**,
Individually And On Behalf Of The Class,

LAW OFFICES OF E.F. ROBINSON

By: <u>/s/Veronica L. Robinson</u>
Veronica L. Robinson
Fla. Bar. No. 0074292
7101 W. Commercial Blvd., Suite 4A
Fort Lauderdale, Florida 33319
(954)840-5301 Office (954)337-9215 Fax
vrobinson@erobinsonlaw.com

Thomas R. Breeden
Thomas R. Breeden, P.C.
10326 Lomond Drive
Manassas, VA 20109
Tel: (703) 361-9277
Fax: (703) 257-2259
Email: trb@tbreedenlaw.com
(Pro Hac Vice to be filed)

Brian L. Bromberg
Bromberg Law Office, P.C.
26 Broadway, 21st Floor
New York, NY 10004
Tel: (212) 248-7906
Fax: (212) 248-7908
Email: brian@bromberglawoffice.com
(Pro Hac Vice to be filed)