UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CAROLYN DYKES, INDIVDIUALLY AND
ON BEHALF OF ALL OTHERS SIMILARLY
SITUATED,

                    Plaintiff,

Case No. 19-60871-CIV-
DIMITROULEAS

vs.

VALENTINE & KEBARTAS, LLC

                    Defendant.                 /

_____

## JOINT SCHEDULING REPORT

Pursuant to Fed. R. Civ. P. 26(f) and S.D. Fla. L.R. 16.1(b)(2), Plaintiff, CAROLYN

DYKES, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUTATED

("Plaintiff") and Defendant, VALENTINE & KEBARTAS, LLC ("Defendant"), hereby file this

proposed Joint Scheduling Report.

**I.  Appropriate Case Management Track**

The parties believe this case should be placed on the "Standard track" as described in

Local Rule 16.1(a)(2)(B).

**II.  Mandatory areas of discussion as required by the Fed. R. Civ. P. 26(f)**

The parties recommend that discovery be conducted as set out in Fed. R. Civ. P. 26, and

Local Rule 26.1.

        **(A) Detailed Discovery Schedule**

The parties have discussed voluntary initial disclosures pursuant to Fed. R. Civ. P. 26.

The parties agree to make voluntary initial disclosures in accordance with Fed. R. Civ. P. 26.

within 30 days of the Court's issuance of a scheduling order.

In addition to the voluntary initial disclosures, Plaintiff may take depositions and may

serve on Defendant at least one set of interrogatories, requests for production and requests for

300115527v1 0998747

admissions.

In addition to the voluntary initial disclosures, Defendant may take depositions and may serve on Plaintiff at least one set of interrogatories, requests for production and requests for admissions.

(B)    **Discovery:**    The parties currently intend to seek discovery with respect to all allegations contained in the Complaint and any amendments thereto, and in any Answer and Affirmative Defenses filed by Defendant. The parties do not believe that discovery should be conducted in phases.

(C)    **Electronically Stored Information:** The parties agree that readily accessible electronically stored information will be produced in .pdf format pursuant to any Request to Produce. To the extent electronically stored information is not readily accessible, the parties agree to follow the guidelines provided in Fed. R. Civ. P. 26(b)(2)(B).

(D)    **Privilege and Trial-Preparation Materials:**    The parties do not anticipate any issues regarding claims of privilege or protection of trial-preparation materials other than those that arise in the ordinary course of any litigation. The parties agree that the standard procedures contained in Fed. R. Civ. P. 26(b) will govern any such claims.

(E)    **Limitations on Discovery:** The parties do not anticipate any changes or limitations on the scope of discovery provided in Fed. R. Civ. P. 26(b).

(F)    **Any Other Orders:**   The parties do not anticipate the need for the court to issue any other orders pursuant to Fed. R. Civ. P. 26(c), or 16(b) and (c) at this time.

III.    **Mandatory Areas Of Discussion As Required By Local Rule 16.1**

(A)    **The likelihood of settlement**

The parties have discussed the possibility of settlement. The parties are presently reviewing each other's claims and defenses and will continue to make a good faith effort to

resolve this matter outside of Court if possible. Should the matter be settled, the parties shall promptly notify the Court of same.

    **(B)**    <u>The likelihood of appearance of additional parties</u>

The parties do not anticipate that additional parties will be added to this action.

    **(C)**    <u>Proposed limits on the time</u>

        **(i)**  **To Join Other Parties And To Amend The Pleadings: October 31, 2019**

        **(ii)**  **To File Dispositive Motions: March 30, 2020**

        **(iii)** **To File Class Certification Motions: December 31, 2019**

        **(iv)** **To Complete Discovery: February 28, 2020**

            The parties do not anticipate that expert witnesses will be required, and agree that any discovery pertaining to expert witnesses shall be completed prior to the general discovery cutoff date.

    **(D)**    <u>Proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses and the number and timing of motions for summary judgment or partial summary judgment</u>

The parties shall meet prior to the date of the Court-ordered Pretrial Conference to agree on all facts and issues that will simplify the matters to be considered by the Court.  The parties anticipate that they will be able to stipulate to the authenticity of certain documents and communications, and to those undisputed facts relevant to the issues involved herein. Avoidance of frivolous claims or defenses will be handled in the same manner as Rule 11 of the Federal Rules of Civil Procedure so proscribes.

    **(E)**    <u>The necessity or desirability of amendments to the pleadings</u>

The parties anticipate that it may be necessary to amend the pleadings and have proposed a deadline to do so in Section III(C)(i).

    **(F)**    <u>The possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations regarding authenticity of documents and the need for</u>

**advance rulings from the Court on the admissibility of evidence**

The Parties agree to attempt to consider stipulating to the authenticity and admissibility of certain documentary evidence to be offered at trial. The parties also agree to attempt to consider stipulating to those undisputed facts relevant to the issues involved herein. The parties shall utilize the required joint pretrial stipulation for this purpose. The parties agree that electronically stored information, to the extent it exists, will be produced in .pdf format or hard paper copy. The parties reserve their right to request electronically stored information in its native form upon a showing of good cause. Neither party believes that there is a need for advance rulings on the admissibility of evidence in the present matter.

**(G)    Suggestions for the avoidance of unnecessary proof and of cumulative evidence**

The parties will continue to endeavor to litigate this case efficiently. The Parties agree to consider stipulations, including those regarding the authenticity and admissibility of documents and undisputed facts, to narrow the issues for trial.

**(H)    Suggestions on the advisability of referring matters to the Magistrate Judge or Master**

The parties consent to the Magistrate's jurisdiction for all purposes except dispositive motions and trials.

**(I)    A preliminary estimate of the time required for trial**

The parties believe that a two to three day trial is likely appropriate given the facts herein.

**(J)    Requested date or dates for mediation cut-off and trial**

**(i)**    Mediation Cut-off: May 31, 2020

(ii)    Trial: _____

**Any other information that might be helpful to the Court in setting the case for**

**status or pretrial conference**

Jury trial has been demanded by Plaintiff.

(ii)<b>CONSENT OF COUNSEL FOR PLAINTIFF</b>

**PURSUANT TO RULE 3J (3) OF THE ADMINISTRATIVE PROCEDURES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF FLORIDA, THE UNDERSIGNED COUNSEL FOR PLAINTIFF REPRESENTS TO THE COURT THAT COUNSEL FOR DEFENDANT HAS AUTHORIZED HER TO AFFIX HIS ELECTRONIC SIGNATURE TO THIS JOINT SCHEDULING REPORT.**

s/*Veronica L. Robinson, Esquire*

**VERONICA L. ROBINSON**
**FLA. BAR NO. 0074292**
**7101 W. COMMERCIAL BLVD., STE. 4A**
**FT. LAUDERDALE, FL  33319**
**(954) 840-5301O; (954)337-9215 F**
**VROBINSON@EROBINSONLAW.COM**

**THOMAS R. BREEDEN, ESQUIRE**
**THOMAS R. BREEDEN, P.C.**
**10326 LOMOND DRIVE**
**MANASSAS, VA  20109**
**TEL: (703) 361-9277**
**FAX:  (703) 337-0441**
**EMAIL:  TRB@TBREEDENLAW.COM**
**(PRO HAC VICE TO BE FILED)**

**BRIAN L. BROMBERG, ESQUIRE**
**BROMBERG LAW OFFICE, P.C.**
**26 BROADWAY, 27TH FLOOR**
**NEW YORK, NY  10004**
**TEL:  (212) 248-7906**
**FAX:  (212) 248-7908**
**EMAIL:**
**BRIAN@BROMBERGLAWOFFICE.COM**
**(PRO HAC VICE TO BE FILED)**
**ATTORNEYS FOR PLAINTIFF**

s/ *Barbara Fernandez*

**BARBARA FERNANDEZ**
**FLORIDA BAR NO. 0493767**
**BFERNANDEZ@HINSHAWLAW.COM**
**HINSHAW & CULBERTSON LLP**
**2525 Ponce de Leon Blvd.**
**4th Floor**
**Coral Gables, FL 33134**
**Telephone: 305-358-7747**
**Facsimile:  305-577-1063**
**Attorneys for Defendant VALENTINE &**
**KEBARTAS, LLC**

303957633v1 1020486

**CERTIFICATE OF SERVICE**

I hereby certify that on July __, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

_____

Barbara Fernandez
Florida Bar No. 0493767
bfernandez@hinshawlaw.com
HINSHAW & CULBERTSON LLP
2525 Ponce de Leon Blvd.
4th Floor
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063
Attorneys for Defendant VALENTINE & KEBARTAS, LLC

*/s/ Veronica L. Robinson*
Veronica L. Robinson
Fla. Bar No. 0074292
7101 W. Commercial Blvd., Ste. 4A
Ft. Lauderdale, FL  33319
(954) 840-5301O; (954)337-9215 F
vrobinson@erobinsonlaw.com